**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NIRIN WALLS (#R-49110), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-00331 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| TAWANDA SHACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's amended complaint may proceed consistent with the discussion in the Statement below. The Court instructs the Clerk to file the amended complaint [21]. Plaintiff need not submit USM-285 (Marshal Service) forms at this time. A separate order will be issued to initiate service of process on Defendants. In addition, by no later 8/11/2025, Plaintiff must advise whether he wants the Clerk of Court to open a new lawsuit for any or all of the severed claims. Plaintiff will be responsible for the filing fee for any newly opened lawsuit, and the lawsuit will be subject to the joinder rules (possibly resulting in creation of additional lawsuits) and screening under 28 U.S.C. § 1915A. If Plaintiff does not affirmatively state, by 8/11/2025, that he wants a new lawsuit opened for the severed claims, those claims will be dismissed. Because it appears that the time for bringing claims under 42 U.S.C. § 1983 concerning the conduct alleged in the amended complaint has elapsed, it is unlikely that Plaintiff will be able to pursue any dismissed claims in the future. Plaintiff also is reminded that he must promptly update his address if it changes while this case is open. If he does not keep the Court informed of his address, this lawsuit may be dismissed with no further notice. The Court denies Plaintiff's motion for attorney representation [12] for the reasons discussed below. The Clerk of Court is directed to send a copy of this order to Plaintiff at his address of record.

## STATEMENT

Illinois prisoner Nirin Walls initiated this *pro se* civil rights action under 42 U.S.C. § 1983 concerning several unrelated events at the Joliet Treatment Center. Walls's complaint was not on the Court's required form and was comprised of improperly joined claims and defendants. So, the Court dismissed the complaint while granting Walls leave to amend. (Dkt. No. 11) In response, Walls submitted three amended complaints and a motion for attorney representation.

Because Walls seeks redress from officials and employees of a government entity, the Court must screen his amended complaint and dismiss the complaint, or any portion of it, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A; *Jones v. Bock,* 549 U.S. 199, 214 (2007);

*Shaw v. Kemper*, 52 F.4th 331, 333 (7th Cir. 2022). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The statement also must contain enough facts to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Courts construe a *pro se* plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must accept the alleged facts as true and draw reasonable inferences in the plaintiff's favor. *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020).

The events alleged in the amended complaint have a narrower focus than those alleged in the original complaint, but Walls continues to name 18 defendants and there still is a lot of surplus material in the pleading. (Dkt. No. 21.)[1] And the events described by Walls—*e.g.*, a retaliatory disciplinary proceeding that resulted in a stint in segregation; a denial of items for which Walls had a medical permit, while in segregation; the purported destruction of Walls's legal materials while in segregation; a purported denial of medical care while in segregation; and the failure to place a "medical hold" before Walls was transferred to another facility—are varied and connected only by the fact that Walls was housed in a segregation unit when the events occurred, along with a bald assertion that the alleged events were part of a conspiracy. (*See id.* at 12.) The Court, however, need not accept Walls's attempt to spin a story that ensnares 18 defendants in a single lawsuit when many of the claims he seeks to bring are unique to some, but not all, defendants. *See* Fed. R. Civ. P. 21 (allowing court to sever claims and drop defendants); *see also Pohle v. Pence*, No. 21-3351, 2022 WL 2915454, at *2 (7th Cir. July 25, 2022) (affirming dismissal of "speculative" conspiracy claims as frivolous).

The Court therefore exercises its discretion to limit the scope of this lawsuit to claims against the individuals allegedly responsible for the May 17, 2023 disciplinary proceeding. The Court's analysis therefore starts with any claims stemming from the disciplinary proceeding, recounting only relevant facts surrounding the imposition of discipline on May 17, 2023.[2]

## I.     May 17, 2023 Disciplinary Proceeding

Walls alleges in the amended complaint that he filed a "PREA sexual harassment report" in December 2022. (Dkt. No. 21 at 8.) Approximately five months later, he had an encounter with Internal Affairs Officer Butler, during which Walls asked: "[C]an I have my PREA report findings . . . so I could file my lawsuit." (*Id.*) Butler allegedly responded by writing a disciplinary report that accused Walls of filing a false PREA report. (*Id.*) Walls contends that disciplinary reports must be written within 48 to 72 hours of an infraction, not "6 months" later (*Id.*) He also contends that Butler relied on one of his "enem[ies]" to support the disciplinary ticket. (*Id.* at 14.) Thus,

---

[1]The Court did not have an opportunity to consider Plaintiff's first amended complaint before he submitted two additional amended complaints. (*See* Dkt. Nos. 13, 16, 21.) The Court considers only the most recently docketed amended complaint. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (explaining that an amended complaint supersedes all previous complaints).

[2]The Court starts with the disciplinary hearing because it is the first event in Walls's narrative.

Walls concludes, Butler wrote the disciplinary report as "retaliat[ion]" for Walls filing the December 2022 PREA report. (*See id.* at 9.)

Officers Shack and Lewis held a hearing on the ticket on May 17, 2023. (*Id.*) Walls allegedly told Shack that he did not have his hearing aids and asked for "a TTyll hearing," which Shack denied. (*Id.* at 12.) Shack and Lewis then found Walls guilty of giving false information to an employee and imposed a term of segregation as punishment. (*See id.* at 9, 34.) Walls does not specify in the body of the amended complaint how long he was to serve in segregation, but an attachment to the amended complaint reflects that he received 14 days. (*Id.* at 31.)[3] Walls also alleges that Adjustment Committee Member Shack told officers in segregation: "[Y]ou don't get shit! And you can't file PREA reports no more!" (*Id.* at 10, 11.)

On October 3, 2023, Administrative Review Board Member Stevenson recommended that the disciplinary report "be expunged as the charges are not substantiated in the narrative of the report." (*Id.* at 12, 24.) Acting Director Hughes concurred. (*Id.* at 24.) According to Walls, however, the discipline has not yet been removed from his record. (*Id.* at 12.)

The following claims are implicated by the alleged facts:

1. a claim for First Amendment retaliation against Butler based on the May 6, 2023 disciplinary report (*id.* at 9);

2. a claim for First Amendment retaliation against Shack and Lewis based on the "unsubstantiated," and subsequently expunged, discipline (*id.*);

3. a claim for a Due Process violation against Shack and Lewis because they allegedly imposed an "atypical and significant hardship" when, after Walls was placed in segregation, correctional officers did not allow him to have two back braces, an orthopedic pillow, a double mattress, or unspecified "hygiene items" (*id.*);

4. a claim against Shack and Lewis under the Americans with Disabilities Act stemming from the denial of hearing aids at the disciplinary hearing (*id.* at 12);

5. a claim against Warden Larry for failing to prevent the discipline (*id.* at 10); and

6. a claim for a Due Process violation against Stevenson and Hughes because the expunged discipline remains on Walls's record (*id.* at 12).

Accepting the alleged facts as true, as it must, the Court finds that Walls has alleged enough to proceed on a First Amendment retaliation claim against Defendants Butler, Shack and Lewis, stemming from the disciplinary proceeding (Claims 1 and 2). To establish that retaliation occurred in violation of the First Amendment, a plaintiff must allege facts showing that: (1) he engaged in

---

[3]*See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (explaining that court may consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice").

activity protected by the First Amendment; (2) he suffered a deprivation that likely would deter future First Amendment activity; and (3) the protected activity was a motivating factor in the adverse action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). The circumstances surrounding the May 17, 2023 imposition of discipline arguably shows a chronology from which retaliation could be inferred. Consequently, Butler, Shack, and Lewis must respond to the amended complaint. Nothing in this order precludes any available defenses, but Defendants should keep in mind that the Court can reach the merits of Walls's claim at this stage only under limited circumstances. *See Schillinger*, 954 F.3d at 993–94 (explaining that, when screening complaints under section 1915A, courts apply the standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

The remaining enumerated claims (Claims 3–6) are dismissed. A prisoner is entitled to due process protections only when the conditions of discipline impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Courts consider the "combined import of the duration of the segregative confinement and the conditions endured." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). When periods of disciplinary segregation are relatively short, inquiry into the conditions of confinement is not required. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (collecting cases affirming "dismissal without requiring a factual inquiry into the conditions of confinement"). Here, Walls's 14 days in segregation do not implicate a protected liberty interest, even if he was deprived of a pillow, a back brace, and a double mattress while in segregation. This is especially so given that Walls has submitted documents suggesting that any deprivation of the permitted items was not because of the disciplinary proceeding. (*See* Dkt. No. 1 at 68 (reflecting that permitted items had to be verified by medical staff and then property had to be brought to Walls).)[4] Walls's allegations also suggest that he received all the process he was due. *See Ealy v. Watson*, 109 F.4th 958, 965–66 (7th Cir. 2024) (distinguishing "informal" process required for term of segregation from process required for loss of good conduct credits). The Court therefore dismisses Claims 3, 5, and 6 with prejudice. *See Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (quoting *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)) (explaining that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim.").

Walls's assertions that he did not have his hearing aids at the hearing and that Shack purportedly denied him a "TTyll hearing" fare no better. To sustain a claim under the Americans with Disabilities Act or the Rehabilitation Act, a plaintiff must allege facts showing that he is a qualified individual with a disability who was denied access to a program or activity because of his disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015); *Jaros v. Ill. Dep't Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012). Where a prisoner was not denied access to any services or programs because of his disability—as is this case, here, where Walls was not prevented from participating in the May 17, 2023 hearing (*see* Dkt. No. 21 at 28–29)—there is no basis for liability under the Americans with Disabilities Act or the Rehabilitation Act. *See McDaniel v. Syed*, 115 F.4th 805, 823 (7th Cir. 2024) (explaining that prison officials do not have to provide requested

---

[4] Courts may take judicial notice of matters of public record, including but not limited to attachments to a plaintiff's pleadings. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Walls v. Mershon*, No. 24-2025, 2025 WL 1743036, at *3 (7th Cir. June 24, 2025) (exhibits take precedence over allegations).

accommodation, they must provide only a "reasonable accommodation"). Claim 4 is dismissed with prejudice.

## II.     Joinder and Severance

All remaining claims and defendants are dismissed. As previously explained, this Court need not allow a plaintiff to bring, in a single complaint, many claims against many defendants that arise from separate and distinct events. (*See* Dkt. No. 11; *see also Walls v. Mershon*, No. 24-3035, 2025 WL 1743036 (7th Cir. June 24, 2025) (affirming severance of unrelated claim in previous case brought by this Walls).)

The rules of joinder "are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). This means that, even if claims are properly joined under Federal Rules of Civil Procedure 18 and 20, the district court may "sever any claim against a party," so long as severance is justified. Fed. R. Civ. P. 21; *Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022) ("A district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met."). Case management and judicial economy are allowable justification for severing claims and parties. *See Walls*, 2025 WL 1743036, at *2 ("a court maintains discretion to sever any claim if doing so will ensure manageable litigation or increase judicial economy").

The Court starts its analysis by reiterating that this lawsuit (No. 24-cv-00331) is limited to a First Amendment retaliation claim against Defendants Butler, Shack and Lewis stemming from the May 17, 2023 disciplinary proceedings. The facts alleged in the amended complaint about subsequent events do not implicate § 1983 liability for Butler, Shack, and Lewis. Instead, Walls's remaining claims stem from: (1) correctional officers' alleged refusal to give Walls his permitted medical items while in segregation; (2) correctional officers' purported failure to monitor Walls's health; (3) the alleged destruction of Walls's legal materials; (4) medical staff's alleged refusal to provide medical care; and (5) medical staff's purported failure to place a "medical hold" to prevent Walls's transfer out of the Joliet Correctional Center. Because the enumerated events concern conduct by individuals other than Butler, Schack, and Lewis, claims about the enumerated events are not properly joined in the same lawsuit as the First Amendment retaliation claim. *See, e.g., Manson v. W. Ill. Corr. Ctr.*, No. 21-2941, 2022 WL 4298559, at *1 (7th Cir. Sept. 19, 2022) ("A plaintiff may join as many claims as he has against a single defendant, Fed. R. Civ. P. 18(a), but may join multiple defendants in a suit only if all of the defendants could be liable on a single claim[.]"); *Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) ("the district court should have rejected [the plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them").

In addition, even if joinder were permitted, the Court would exercise its discretion under Rule 21 to limit this case to only claims concerning the May 17, 2023 disciplinary proceeding. Walls produces an unusually high volume of litigation, especially in cases where the scope of his

claims is broadly defined.[5] The Court therefore considers it necessary to focus Walls's claims into manageable components. To allow additional claims only because the alleged conduct occurred while Walls was housed in a segregation unit would be the equivalent of allowing a prisoner to bring, in a single lawsuit, every claim he can conjure simply because the alleged conduct occurred while he was in X-House or Housing Tier 2B or in a healthcare unit. That is not enough. *See, e.g., Walls*, 2025 WL 1743036, at *2 (rejecting Walls's attempt to join claims "involv[ing] distinct events and multiple defendants, with no common thread beyond his own belief that all of his misfortune stems from [a] medication change"). To allow such a tenuous relationship between claims would result in unwieldy and potentially confusing litigation. *Manson*, 2022 WL 4298559, at *2 (explaining that "a sprawling suit can be hard to evaluate" and that breaking the complaint "down into components" reduces the chance for errors).

The Court therefore severs the claims enumerated as Claims 1–5 above from this lawsuit. The Court has not considered whether any of the severed cases would survive screening under 28 U.S.C. § 1915A. *See Dorsey*, 55 F.4th at 1107 ("Assessing whether joinder is proper before resolving the merits ensures that, regardless of the outcome of a case, the plaintiff pays the proper number of filing fees under [28 U.S.C.] § 1915(b) and receives the proper number of strikes, if any, under § 1915(g)."). Instead, Walls must decide whether he wants to proceed with the severed claims. If he chooses to proceed with one or more of the claims, he will incur additional filing fees and the claims will be subject to the joinder rules and screening under 28 U.S.C. § 1915A. If he chooses not to proceed or fails to respond by August 11, 2025, the claims will be dismissed. Because it appears that the time for bringing claims under § 1983 concerning the conduct alleged in the amended complaint has elapsed, if he declines to pursue the claims now, it is unlikely that Walls will be able to pursue any dismissed claims in the future.

III.    Motion for Attorney Representation

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The Court may nevertheless ask an attorney to represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the court engages in a two-step inquiry: (1) has the plaintiff made a reasonable attempt to

---

[5]*See Walls v. Bednarz*, No. 21 C 742 (S.D. Ill.) (claims against 10 defendants concerning medication changes, prison personnel's response to seizures, an involuntary administration of psychotropic, occasional medication lapses, and alleged denials of medications) (236 docket entries); *Walls v. Jeffreys*, No. 21 C 1369 (S.D. Ill.) (claims against 3 defendants concerning treatment of urinary tract symptoms) (161 docket entries); *Walls v. Mershon*, No. 21 C 50418 (N.D. Ill.) (claims against 2 defendants concerning treatment of urinary tract symptoms and purported death threat) (173 docket entries); *Walls v. Thompson*, No. 22 C 1099 (S.D. Ill.) (claims against 7 defendants concerning a failure to protect on August 5, 2020, and a failure to protect on October 3, 2020) (112 docket entries). *See also Walls v. Merson*, No. 24 C 50011 (N.D. Ill.) (dismissed for failure to state a claim); *Walls v. Coe*, No. 18 C 3214 (C.D. Ill.) (dismissed for failure to state a claim); *Walls v. Henry*, No. 18 C 4210 (C.D. Ill.) (dismissed for failure to resolve fee status); *Walls v. Jeffreys*, No. 21 C 1350 (S.D. Ill.) (severed and closed); *Walls v. Heffelfinger*, No. 23 C 50054 (N.D. Ill.) (pending preliminary review of amended complaint against 9 defendants concerning a denial of seizure medication on August 25, 2022; prison personnel's response to seizures; single-cell assignment; and purported lack of medical care for injuries sustained during seizures) (rev'd on other grounds, *Walls v. Wells*, No. 23-2483 (7th Cir. June 27, 2024)).

retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).

This case concerns two related issues: (1) whether Defendant Butler wrote the May 6, 2023 disciplinary ticket because Walls filed a PREA report or to deter future reports; and (2) whether Stack and Lewis imposed discipline because Walls filed a PREA report or to deter future reports. Neither the facts nor the law governing these claims are particularly complex, and the issues are typical of those routinely handled by prisoners without the assistance of counsel.

Walls is an experienced litigant. He successfully represented himself during a *Pavey* hearing in *Walls v. Mershon*, No. 21 C 50418 (N.D. Ill.), and prevailed on appeal in *Walls v. Wells*, No. 23-2483 (7th Cir. June 27, 2024). He also submitted an amended complaint in this case that survived screening, albeit not to the extent he might have hoped. Walls needs instruction, on occasion, but he has demonstrated the ability to convey his intent in writing and to follow orders when he chooses to do so. In other words, he has the skills necessary to represent himself at this early juncture. The Court therefore denies Walls's motion for attorney representation.

IV.    <u>Next Steps</u>

Walls will be permitted to proceed with his First Amendment retaliation claim against Defendants Butler, Shack and Lewis, stemming from the May 17, 2023 disciplinary proceeding. The Court instructs the Clerk to file the amended complaint. Walls need not submit USM-285 (Marshal Service) forms at this time.

**For the remainder of the amended complaint, Walls must advise whether he wants the Clerk of Court to open a new lawsuit for any or all of the severed claims. Walls will be responsible for the filing fee for any newly opened lawsuit, and the lawsuit will be subject to the joinder rules (possibly resulting in creation of additional lawsuits) and screening under 28 U.S.C. § 1915A. If Walls does not affirmatively state in a written filing, by August 11, 2025, that he wants a new lawsuit opened for the severed claims, those claims will be dismissed. Because it appears that the time for bringing claims under § 1983 concerning the conduct alleged in the amended complaint has elapsed, it is unlikely that Walls will be able to pursue any dismissed claims in the future.**

The Court instructs Walls to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Walls must include a certificate of service indicating the date on which he gave the document to jail or prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Walls. He is advised that he must promptly update his address if it changes while this case is open. If he does not keep the Court informed of his address, this lawsuit may be dismissed with no further notice. Walls should keep a copy of all documents he submits to this Court.

Date:   June 30, 2025

_____
Andrea R. Wood
United States District Judge